FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 09, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICHAEL W., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, <br><br> Defendant. | No. 1:22-CV-03042-SAB <br><br> **ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are Cross-Motions for Summary Judgment. ECF Nos. 10, 11, 12. The motions were heard without oral argument. Plaintiff is represented by D. James Tree; Defendant is represented by Frederick Fripps and Brian Donovan.

Plaintiff brings this action seeking judicial review of the Commissioner of Social Security's final decision denying his application for supplemental security income under the Social Security Act, 42 U.S.C. §§ 1382. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court grants Plaintiff's Motion for Summary Judgment, ECF No. 10, 11, and denies Defendant's Motion for Summary Judgment, ECF No. 12.

//

//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~1

## I. Jurisdiction

On February 19, 2020, Plaintiff filed an application for supplemental security income, alleging disability beginning January 1, 1998.[1]

Plaintiff's application was denied initially and on reconsideration. On September 29, 2020, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). On February 8, 2021, Plaintiff appeared with counsel, Robert Tree, and testified at a telephone hearing before ALJ Cynthia D. Rosa. Doug Lear, vocational expert also participated. The ALJ issued a decision on March 26, 2021, finding that Plaintiff was not disabled.

Plaintiff requested review by the Appeals Council; the Appeals Council denied the request on January 28, 2022. The Appeals Council's denial of review makes the ALJ's decision the "final decision" of the Commissioner of Social Security, which this Court is permitted to review. 42 U.S.C. § 405(g), 1383(c)(1)(3).

Plaintiff filed a timely appeal with the United States District Court for the Eastern District of Washington on March 24, 2022. ECF No. 1. The matter is before this Court pursuant to 42 U.S.C. § 405(g).

## II. Five-Step Sequential Evaluation Process

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

---

[1] Plaintiff had a prior decision by an ALJ denying benefits that issued on January 31, 2018. The ALJ concluded that Plaintiff established changed circumstances affecting the issue of disability. Specifically, the ALJ noted that there has been a change in the mental health regulations and evidence analysis rules since the last application and Plaintiff has alleged worsening in his mental health symptoms, with paranoid delusions and hallucinations, which are supported by the record.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~2**

can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A claimant shall be determined to be under a disability only if their impairments are of such severity that the claimant is not only unable to do their previous work, but cannot, considering claimant's age, education, and work experiences, engage in any other substantial gainful work that exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). The Commissioner has established a five-step sequential evaluation process to determine whether a person is disabled in the statute. See 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v).

**Step One**: Is the claimant engaged in substantial gainful activities? 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Substantial gainful activity is work done for pay and requires compensation above the statutory minimum. *Keyes v. Sullivan*, 894 F.2d 1053, 1057 (9th Cir. 1990). If the claimant is engaged in substantial activity, benefits are denied. 20 C.F.R. § 404.1520(b), 416.920(b). If the claimant is not, the ALJ proceeds to step two.

**Step Two**: Does the claimant have a medically-severe impairment or combination of impairments? 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). A severe impairment is one that lasted or must be expected to last for at least 12 months and must be proven through objective medical evidence. *Id.* §§ 404.1509, 416.909. If the claimant does not have a severe impairment or combination of impairments, the disability claim is denied. *Id.* § 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the impairment is severe, the evaluation proceeds to the third step.

**Step Three**: Does the claimant's impairment meet or equal one of the listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity? 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled. 20 C.F.R. §§ 404.1520(d), 416.920(d). If the

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~3

impairment is not one conclusively presumed to be disabling, the evaluation proceeds to the fourth step.

Before considering to the fourth step, the ALJ must first determine the claimant's residual functional capacity. An individual's residual functional capacity is their ability to do physical and mental work activities on a sustained basis despite limitations from their impairments. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The residual functional capacity is relevant to both the fourth and fifth steps of the analysis.

**Step Four**: Does the impairment prevent the claimant from performing work they have performed in the past? 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant is able to perform their previous work, they are not disabled. 20 C.F.R. §§ 404.1520(f), 416.920(f). If the claimant cannot perform this work, the evaluation proceeds to the fifth and final step.

**Step Five**: Is the claimant able to perform other work in the national economy in view of their age, education, and work experience? 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). The initial burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett v. Apfel*, 108 F.3d 1094, 1098 (9th Cir. 1999). This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in her previous occupation. *Id*. At step five, the burden shifts to the Commissioner to show that the claimant can perform other substantial gainful activity. *Id.*

### III. Standard of Review

The Commissioner's determination will be set aside only when the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole. *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir. 1992) (citing 42 U.S.C. § 405(g)). Substantial evidence is "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971), but "less than a preponderance," *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). Substantial

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~ 4**

evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

A decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secr'y of Health & Human Servs.*, 839 F.2d 432, 433 (9th Cir. 1988). An ALJ is allowed "inconsequential" errors as long as they are immaterial to the ultimate nondisability determination. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006). The Court must uphold the ALJ's denial of benefits if the evidence is susceptible to more than one rational interpretation, one of which supports the decision of the administrative law judge. *Batson v. Barnhart*, 359 F.3d 1190, 1193 (9th Cir. 2004). It "must consider the entire record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion, and may not affirm simply by isolating a specific quantum of supporting evidence." *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quotation omitted). "If the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney*, 981 F.2d at 1019.

## IV. Statement of Facts

The facts have been presented in the administrative record, the ALJ's decision, and the briefs to this Court. Only the most relevant facts are summarized herein.

At the time of the hearing, Plaintiff was 64 years old. He lived in a trailer is on 19 acres. Rental assistance pays his rent. Plaintiff assists the women who lives in the house on the property with her daily living activities. He earned his GED while serving a prison sentence. He testified that he has a hard time dealing with people telling him what to do. He does not like or trust people, and he prefers to be alone. When he is depressed or upset, he goes fishing. He testified that he is the happiest when nobody is around.

Plaintiff practices Rastafarianism. He smokes marijuana daily. He breeds

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~5**

dogs and also likes to carve pipes every now and then, but he has difficulty with his concentration. He testified that he gets distracted and scattered and he has difficulty completing tasks. He has experienced paranoia and feeling of an impending doom, but these thoughts have decreased when he was prescribed Haldol.

He testified that he only cooks with the microwave because he has forgotten about food cooking on the stove. He is able to do physical work, including chopping wood and yard work.

The record indicates that Plaintiff is in a difficult and tumultuous relationship with his partner. The record also indicates that Plaintiff engaged in counseling sessions and medication management with Comprehensive Healthcare. Notably, from the record it appears that Plaintiff needed significant assistance from the staff at Comprehensive Healthcare to complete various tasks, including ordering a replaced driver's license (Plaintiff misplaced his wallet), enrolling for stimulus check, setting up a bank account and debit card, completing the social security forms, contacting his counsel, and they provided the arrangements, location, and assistance for Plaintiff to participate in a telephonic meeting with the Social Security office.

**V. The ALJ's Findings**

The ALJ issued an opinion affirming denial of benefits. AR 15-27. At step one, the ALJ found that Plaintiff has not engaged in substantial gainful activity since February 19, 2020, the application date. AR 18.

At step two, the ALJ identified the following severe impairments: major depressive disorder; anxiety disorder. AR 18.

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. AR 19. Ultimately, the ALJ concluded that Plaintiff has a residual function capacity ("RFC") to perform:

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~6**

> a full range of work at all exertional levels but with the following nonexertional limitations: he can do simple, repetitive tasks with a reasoning level of 1-2; in 2 hour increments with regular breaks; he can have no public contact, occasional contact with supervisors and no coordinated tasks with coworkers; he may be off task up to 10% of a work day and may miss up to 6 days of work in a year.

AR 20.

At step four, the ALJ found that Plaintiff has no past relevant work. AR 26.

At step five, the ALJ found that Plaintiff was not disabled and capable of performing work that exists in significant numbers in the national economy, such as garment folder, industrial cleaner, and hand packager. AR 27.

## VI. Issues for Review

1. Whether the ALJ properly assessed Plaintiff's testimony.
2. Whether the ALJ properly assessed the medical opinions.

## VII. Discussion

**(1) The ALJ's evaluation of Plaintiff's Testimony**

The ALJ found that Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms are not entirely consistent with the medical evidence and other evidence in the record.

In determining whether a claimant's testimony regarding subjective pain or symptoms is credible, the ALJ engages in a two-step analysis. *Garrison v. Colvin*, 759 F.3d 995, 1014 (9th Cir. 2014). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id*. (citation and quotation omitted). If the claimant satisfies the first step of the analysis, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of their symptoms "only by offering specific, clear and convincing reasons for doing so." *Id.* (citation and quotation omitted). "This is not an easy requirement to meet: The clear and convincing

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ~7

standard is the most demanding required in Social Security cases." *Id*. (citation and quotation omitted). That said, if the ALJ's credibility finding is supported by substantial evidence in the record, the Court may not engage in second-guessing. *Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002).

The ALJ did not identify which of Plaintiff's statements were not supported by the record. Rather, the ALJ simply provided a review of the record, and then concluded the record supported its RFC. Thus, the ALJ failed to provide specific, clear, and convincing reasons for rejecting Plaintiff's symptom testimony. *See Brown-Hunter v. Colvin*, 806 F.3d 478, 494 (9th Cir. 2015) (instructing that the ALJ must do more than simply reciting the medical evidence in support of its FRC determination).

At the hearing, Plaintiff testified that he cannot be around people. He has bouts of depression at least one or two days a week where he cannot get out of bed. He struggles to take care of his dogs during these times. It appears he is thinking about not having any more dogs because of this. The records from Comprehensive Healthcare support Plaintiff's testimony that his symptoms wax and wane. Sometimes he will be happy, and others he is depressed. There were many discussions during his counseling sessions where Plaintiff talked about setting up some type of online business to sell his pipes, but he never was able to follow through with that and it is clear he does not make enough pipes to create an inventory. He testified that he struggles to maintain his concentration when he is working on his pipes.

Even the ALJ noted that the record supported Plaintiff's credibility in that Plaintiff has slowed thought process, difficulty with serial 7s, poor hygiene, limited eye contract, irritability, agitation, and dysphoria. It noted Plaintiff had limited memory, circumstantial thoughts, tangents about aliens, distractions, hallucinations, attention deficits.

While the record reflects that Plaintiff had some good days, there is also

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~8

evidence that he presented dysphoric with a flat or blunted affect, impaired insight and judgment, depressed and some paranoia, with feelings of impending doom.

The ALJ erred in failing to provide specific, clear, and convincing reasons for rejecting Plaintiff's symptom testimony and this error was not harmless because Plaintiff's testimony regarding his symptoms go to the heart of his disability claim. As such, the Court credits Plaintiff's testimony. *See Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).

**(2) The ALJ's Evaluation of the Medical Opinion Evidence**

For claims filed on or after March 27, 2017, like the present claim, new regulations apply regarding the evaluation of medical evidence. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844 (Jan. 18, 2017). The new regulations eliminate any semblance of a hierarchy of medical opinions and state that the agency does not defer to any medical opinions. 20 C.F.R. §§ 404.1520c(a), 416.920c. Specifically, the rules eliminate the agency's "treating source rule," which gave special deference to certain opinions from treating sources. 82 Fed. Reg. at 5853. In articulating the ALJ's consideration of medical opinions for persuasiveness, the ALJ considers the following factors: (1) Supportability and (2) Consistency; (3) Relationship with the claimant, including (i) length of treatment relationship; (ii) frequency of examinations; (iii) purpose of the treatment relationship; (iv) extend of the treatment relationship; (v) examination relationship; (4) Specialization; and (5) Other factors, including whether the medical source has familiarity with the other evidence or an understanding of SSA's disability program's policies and evidentiary requirements. 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The most important factors in evaluating the persuasiveness of medical opinions are supportability and consistency. 20 C.F.R. §§ 404.1520c(a), 416.920c(a).

Supportability and consistency are further explained in the regulations:

(1) Supportability.

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~9

> The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.
>
> (2) Consistency.
>
> The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c); 416.920c(c).

When a medical source provides multiple medical opinions, the ALJ must articulate how it considered these opinions in a single analysis applying the above-listed factors. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). If equally persuasive medical opinions about the same issue are both equally well-supported and consistent with the record, but are not exactly the same, the ALJ must articulate how it considered the other most persuasive factors in making its decision. 20 C.F.R. §§ 404.1520c(c)(3), 416.920c(c)(3).

### A.     David T. Morgan, PhD

Dr. Morgan examined Plaintiff in January 2020. He noted that Plaintiff had marked ("very significant") limitations in most basic work activities, including maintaining attendance and completing a normal workday or week. Dr. Morgan noted that Plaintiff's memory was not within normal limits. Specifically, his immediate memory was challenged because he had an inadequate performance on digit span forward (4) and backward (2). He could not name the current or former present, and while he could spell the word WORLD forward, he did not even attempt to spell it backward.

The ALJ found that Dr. Morgan's opinion was not persuasive because it was only supported by a one-time evaluation, and his limitations in basic work

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~10

functions were not well-supported by Dr. Morgan's exam, was inconsistent with the complete medical record, citing portions of the record where Plaintiff had normal memory, goal-directed and linear thought, attention, engagement and concentration, to name a few, as well as his ability to drive, shop, carve pipes and care for several dogs.

The ALJ erred in finding that Dr. Morgan's opinion was not persuasive. Notably, while Dr. Morgan completed a one-time examination, the ALJ did not explain why the non-examining sources had a better understanding of Plaintiff's impairment that one who was able to observe and perform objective tests. Dr. Morgan reviewed Plaintiff's DSHS records, medical records, and prior psychological evaluations, and then conducted his own exam. Thus, Dr. Morgan had significant knowledge of Plaintiff's medical history in addition to his own exam. In concluding that Dr. Morgan's opinion was not supported by his own findings and examination apparently believed it was more qualified as a medical expert to assess and evaluate the findings. The ALJ's unexplained, lay assessment of the sufficiency of the abnormal objective findings is not a sufficient reason to find Dr. Morgan's opinion no persuasive. As set forth above, the ALJ erred in finding that Dr. Morgan's opinion was inconsistent with the complete medical record. It appears the ALJ chose to focus on the normal findings in the record and chose to ignore the significant objective evidence of abnormal findings throughout the relevant period. Finally, the ALJ's conclusion that Dr. Morgan's opinion is not persuasive because Plaintiff is able to drive, shop, carve pipes, or care for his dogs is not supported by the evidence. Rather, the record indicates that many times, Plaintiff will not drive because he becomes so angry at the other drivers. The record indicates that Plaintiff struggles to maintain his concentration when he carves his pipes and the record shows that Plaintiff, at times, had difficulty taking care of his dogs. Additionally, these activities are the type that can be done alone,

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~11

at Plaintiff's own pace and schedule, are primarily physical and are not generally directly translatable to a work environment's requirements.

The ALJ erred in finding Dr. Morgan's testimony unpersuasive.

**VII. Remand for Immediate Award of Benefits**

Here, the ALJ failed to provide legally sufficient reasons for rejecting the opinions of Dr. Morgan and for discounting Plaintiff's testimony. The record is clear that if Dr. Morgan's opinion and Plaintiff's testimony was credited as true, or were properly found to be persuasive and supported by the record, Plaintiff would be found disabled. The evidence conclusively demonstrates that Plaintiff is unable to sustain gainful employment for any amount of time in the national economy. As such, a remand for the calculation and award of benefits is both appropriate and required.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~12

Accordingly, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Summary Judgment, ECF No. 10, 11, is **GRANTED**.

2. Defendant's Motion for Summary Judgment, ECF No. 12, is **DENIED**.

3. The decision of the Commissioner is **reversed** and **remanded** for an immediate award of benefits.

4. Judgment shall be entered in favor of Plaintiff and against Defendant.

**IT IS SO ORDERED**. The District Court Executive is hereby directed to file this Order, provide copies to counsel, and **close** the file.

**DATED** this 9th day of November 2022.



Stanley A. Bastian
Chief United States District Judge

**ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~13